IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM QAOUD-PINALES on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.  4:21-cv-00216 |
| vs. | ) ) | |
| COSTA SHIPPING & DELIVERY INC., | ) ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

 Defendant Costa Shipping & Delivery, Inc. ("Costa"), pursuant to 28 U.S.C. §§1331, 1367, 1441, 1453 and 1446, files this Notice Of Removal, and provides the following grounds supporting removal:

1. This matter was originally filed in the Circuit Court of St. Louis County, Missouri and was assigned Case Number 20SL-CC04975.

2. This Court has original jurisdiction under the provisions of 29 U.S.C. §1331, and is one which may be removed to this court pursuant to the provisions of 28 U.S.C. §§1441 and 1453, in that it is a class action arising under the laws of the United States.

3. Plaintiff's Collective and Class Action Petition ("Complaint") sets for the following allegations:

a. Count I – Violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, a federal statute.  Accordingly, this Court has original jurisdiction over Count I.

b. Count II – Violation of Missouri's Wage and Hour Laws.  Count II is brought as a class action arising out of the same case or controversy as Count I; accordingly, this

Court has supplemental jurisdiction over Count II pursuant to 28 U.S. Code §§ 1367 and 1453.

       c.     Count III – Quantum Meruit.  Count III is brought as a class action arising out of the same case or controversy as Counts I and II; accordingly, this Court has supplemental jurisdiction over Count III pursuant to 28 U.S. Code §§ 1367 and 1453.

       d.     Count IV – Unjust Enrichment.  Count IV is brought as a class action arising out of the same case or controversy as Counts I and II; accordingly, this Court has supplemental jurisdiction over Count IV pursuant to 28 U.S. Code §§ 1367 and 1453.

       e.     Count IV[sic] – Workers Compensation Retaliation.   The Complaint's second Count IV is a claim for workers' compensation retaliation under the laws of Missouri.  Such claims are not removable pursuant to 28 U.S.C. § 1445. Accordingly, under 28 U.S. Code §§ 1441(c), this action may be removed, but Count IV shall be severed and removed to the Circuit Court for the County of St. Louis, Missouri.

4.     This Notice Of Removal is filed within thirty (30) days after receipt by Defendant of a copy of plaintiff's Petition, and the time for filing this Notice Of Removal under 28 U.S.C. §1446 has not expired, because Plaintiff served the Summons and Complaint on Defendant on January 20, 2021.

5.     A copy of all process, pleadings, and orders served on Defendant Costa in the above-captioned matter in the Circuit Court of St. Louis County, Missouri are attached hereto as Exhibit 1.

6.     Defendant Costa's Original Filing Form and Civil Cover Sheet are attached hereto as Exhibits 2 and 3, respectively.

7.     Pursuant to 28 U.S.C. §1446(a), promptly after filing this Notice Of Removal, Defendant Costa is filing a copy of this Notice Of Removal with the Circuit Court of St. Louis

102010410.v1

County, Missouri and providing notice of same to Plaintiff.

WHEREFORE, Defendant Costa Shipping & Delivery, Inc. prays this Court order this cause removed from the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri, as provided by law, and thereupon proceed with this civil action as if it had originally commenced in this court.

WALLACE SAUNDERS

BY:  */S/ TIMOTHY A. PULLIN*
Bryan R. Kelly, MO 69499,
*Pending Admission on February 23. 2021*
Timothy A. Pullin,  28185KS
10111 West 87th Street
Overland Park, KS 66212
(913) 888-1000 FAX - (913) 888-1065
bkelly@wallacesaunders.com
tpullin@wallacesaunders.com

ATTORNEYS FOR DEFENDANT COSTA
SHIPPING & DELIVERY INC.

**Certificate of Service**

I hereby certify that on February 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following participants:

HKM EMPLOYMENT ATTORNEYS LLP
S. Cody Reinberg, Mo. Bar #66174
9666 Olive Blvd., Suite 202A
St. Louis, MO 63132
314-391-9557 p/f
creinberg@hkm.com
ATTORNEY FOR PLAINTIFF

*/s/ Timothy A. Pullin*
For the Firm

102010410.v1

**20SL-CC04975**

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

WILLIAM QAOUD-PINALES     )
on behalf of himself            )
and all others similarly situated,    )
                        )
                        )
       Plaintiffs,      )
                        )
v.                       )     Cause No.
                        )     Division No.
                        )
COSTA SHIPPING & DELIVERY INC.   )
                        )
       Defendant.     )
                        )
***Hold Service/Summons For:***   )
*117 S Lexington St.,*
*Ste 100*                       )
*Harrisonville, MO 64701*     )
                        )
                        )

## COLLECTIVE AND CLASS ACTION PETITION

Plaintiff William Qaoud-Pinales, individually and on behalf of all others similarly situated, as collective action and class action representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## PRELIMINARY STATEMENT

1.    This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and his similarly situated co-workers who work or worked for Defendant Costa Shipping & Delivery Inc. ("Defendant") as delivery drivers and who Defendant has failed to pay the overtime rate of one and one-half times the regular rate of pay for hours worked over 40 in a workweek. Indeed, Defendant has a common policy and practice of refusing to pay Plaintiff and similarly situated drivers the overtime rate for hours worked over 40 in a workweek. Instead, it is the practice and

6622471

EXHIBIT 1

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

policy of Defendant to pay a flat day rate regardless of the overtime hours worked in a work week.

2.      Plaintiff therefore brings this action under the FLSA 29 U.S.C. § 201 *et seq*., Missouri wage and hour law, and Missouri common law for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonably attorneys' fees, as a result of Defendant's failure to pay Plaintiff and similarly situated drivers lawful overtime compensation and wages dues and owed.

3.      The second component of this lawsuit relates solely to the unlawful, retaliatory termination of Plaintiff.  Indeed, Plaintiff was terminated in retaliation for Plaintiff exercising his rights to Workers' Compensation benefits.

## JURISDICTION AND VENUE

4.      Plaintiff was at all times mentioned herein a citizen of the State of Missouri, working for Defendant in St. Louis County, Missouri.

5.      At the time of the conduct complained of herein and at all times mentioned, Defendant was and is a Missouri corporation with its principal place of business in St. Louis County, Missouri and did conduct business in St. Louis County, Missouri.

6.      As Defendant transacts business in, and all conduct described herein – specifically the payment of wages, and failure to pay overtime time to its employees – occurred in St. Louis County, Missouri, pursuant to Mo. Rev. Stat. 508.010, venue and jurisdiction are proper in this Court of general jurisdiction.

## THE PARTIES AND CLAIMS

7.      At all relevant times, Plaintiff worked as a delivery driver for Defendant and was paid on a day rate basis.

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

8.      Defendant provides, *inter alia*, package delivery services for companies such as FedEx in the St. Louis metropolitan area.

9.      Plaintiff worked for Defendant as a driver from on or around July 27, 2019 to on or around February 20, 2020.  Plaintiff's consent to join this action is attached hereto as **Exhibit 1**.

10.     Plaintiff and similarly situated drivers are not paid the overtime rate for hours worked over 40 in a workweek; they are paid a flat day rate regardless of overtime hours worked.

11.     At all times herein, Plaintiff and those similarly situated drivers have been entitled to the rights, protections, and benefits provided under the FLSA and Missouri wage and hour law.

12.     Plaintiff brings Count I of this action as a collective action under the FLSA on behalf of himself and all other similarly situated drivers employed by Defendant within the last three years.

13.     Plaintiff brings Count II of this lawsuit as a Class Action under the Missouri Minimum Wage Laws, Mo. Rev. Stat. § 290.500 *et seq*. and Missouri Rule of Civil Procedure 52.08 on behalf of himself and all other similarly situated drivers employed by Defendant within the last two years.

14.     Plaintiff brings Counts III and IV of this lawsuit as a class action under Missouri common law and Missouri Rule of Civil Procedure 52.08 on behalf of himself and all other similarly situated drivers employed by Defendant within the last five years.

15.     Plaintiff brings Count V of this lawsuit individually seeking redress for his termination, which was in retaliation for exercising his Workers' Compensation rights.

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

16.     Defendant is Missouri corporation with its headquarters located within St. Louis County, Missouri and is an "employer" within the meaning set forth in the FLSA and was at all times relevant to the allegations herein Plaintiff's and similarly situated drivers', employer.

17.     Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

18.     Defendant had gross annual revenues exceeding $500,000 for all relevant periods.

## GENERAL ALLEGATIONS

19.     Plaintiff and similarly situated drivers routinely worked, and work, over 40 hours per work week.

20.     Defendant has actual knowledge that Plaintiff and those similarly situated worked and work over 40 hours per work week based on the routes driven by the drivers in a work week.

21.     Notwithstanding that it was known by Defendant that these drivers worked over 40 hours in a work week, Defendant does not pay the statutory overtime rate to such drivers.

22.     Consequently, Plaintiff and those similarly situated drivers consistently worked, and work, without proper compensation and overtime.

23.     Plaintiff and all similarly situated drivers are owed overtime for every hour worked over 40 in a work week.

24.     Defendant's deliberate, willful failure to pay Plaintiff and those similarly situated their earned overtime for hours in excess of 40 in a workweek violates the FLSA and Missouri law.

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

25.     The policies and practices maintained and administered by Defendant, instituted and approved by Defendant's owner and managers, resulted, and result, in Defendant willfully failing to pay overtime compensation.

26.     Defendant thus enjoyed, and continues to enjoy, ill gained profits at the expense of Plaintiff and similarly situated drivers.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

27.     Plaintiff reasserts and realleges all allegations set forth above.

28.     Plaintiff brings Count I as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of himself and all those similarly situated drivers who file a consent to join form with the Court.

29.     Plaintiff brings Counts II, III, and IV of this lawsuit as an "opt-out" class action under Missouri wage and hour law and common law and Missouri Rule of Civil Procedure 52.08 on behalf of himself and all other similarly situated drivers.

30.     Plaintiff individually and on behalf of similarly situated drivers seeks relief on a collective basis challenging Defendant's failure to pay required overtime for hours worked.  The number and identity of other Plaintiffs yet to opt-in and consent to be a party plaintiff to this lawsuit may be determined from Defendant's records.

31.     Notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

32.     The email address of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email addresses as soon as possible.

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

33.     The cellular telephone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via text message as soon as possible.

34.     Plaintiff brings Count I of this Petition as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of himself and as the representative of the following:

    a.   All current and former drivers not paid the overtime rate for hours worked over 40 in a workweek, employed by Defendant within three years preceding the date of filing this action.

35.     Plaintiff brings Count II of this Petition as a class action pursuant to Missouri Rule of Civil Procedure 52.08, on behalf of himself and as the class representative of the following persons:

    a.   All current and former drivers not paid the overtime rate for hours worked over 40 in a workweek, employed by Defendant within two years preceding the date of filing this action.

36.     Plaintiff brings Counts III and IV of this Petition as a class action pursuant to Missouri Rule of Civil Procedure 52.08, on behalf of himself and as the class representative of the following persons:

    a.   All current and former drivers not paid the overtime rate for hours worked over 40 in a workweek, employed by Defendant within five years preceding the date of filing this action.

37.     The state law claims, if certified for class wide treatment, are brought on behalf of all similarly situated drivers who do not opt out of the class action ("the Class").

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

38.     Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Missouri Rule of Civil Procedure 52.08.

39.     The Class satisfies the numerosity standard; it consists of multiple persons who may be geographically disbursed.  As a result, joinder of all Class members in a single action is impractical.  Class members may be informed of the pendency of this class action through direct mail, electronic mail, and telephone.

40.     Questions of fact and law common to the Class predominate over any questions affecting only individual members.  Questions of law and fact arising from Defendant's actions including, without limitation, the following:

    a.  Whether Defendant failed to pay Class members wages and overtime required under Mo. Rev. Stat. § 290.500 *et seq.*;

    b.  Whether Defendant is liable to class members pursuant to Quantum Meruit; and

    c.  Whether Defendant has been unjustly enriched by its failure to pay Class members for time worked.

41.     The questions set forth above predominate any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

42.     Plaintiff's claims are typical of those of the Class in that the Class Members have been, or are, employed in the same or sufficiently similar positions as Plaintiff and were subject to the same unlawful practices.

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

43.     A class action is the appropriate method for the fair and efficient adjudication of the controversy.  Defendant has acted or refused to act on grounds generally applicable to the Class.  The presentation of separate actions by individual Class members creates a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for Defendant, and/or substantially impairing or impeding the ability of the Class members to protect their interest.

44.     Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of other members of the Class he seeks to represent.  The interests of the members of the Class will be fairly and adequately protected by Plaintiff and his undersigned counsel, who is experienced in wage and hour, employment, and class/collective action litigation.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

45.     Plaintiff reasserts and realleges the allegations set forth above.

46.     At all times material herein, Plaintiff and other similarly situated drivers have been entitled to the rights, protections, and benefits provided under the FLSA.  Plaintiff and those similarly situated are and were at all relevant times "employees" within the meaning of the FLSA.  29 U.S.C. §§ 203(e) and 207(a).

47.     The FLSA regulates, among other things, the payment of overtime to Plaintiff and similarly situated drivers who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

48.     Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its drivers not paid the overtime rate for hours worked over 40 in a workweek, are engaged in commerce.  29 U.S.C. §§ 206(a) and 207(a).

49.     During all times relevant to this action, Defendant was the "employer" of Plaintiff and those similarly situated drivers within the meaning of the FLSA.  29 U.S.C. §§ 206(a) and 207(a).

50.     Defendant failed to pay Plaintiff and other similarly situated drivers the overtime wages to which they were, and are, entitled under the FLSA.

51.     Defendant's violations of the FLSA, as described herein, have been willful and intentional.

52.     Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and those similarly situated.

53.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

54.     As a result of Defendant's willful violations of the FLSA, Plaintiff and other similarly situated drivers have suffered damages by being denied overtime wages in amounts to be determined at trial or through undisputed record evidence, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated drivers, prays for the following relief:

a.   That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all current and former

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

drivers employed by Defendant within three years preceding the date of filing this action.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

b.   The payment at one and one-half times their regular rates of pay for all hours worked over 40 in any workweek by Plaintiff and similarly situated drivers, for which they have not been properly compensated;

c.   Liquidated damages pursuant to 29 U.S.C. § 216(b);

d.   Reasonable attorneys' fees and costs;

e.   A reasonable service award to the Plaintiff to compensate him for the time he spent attempting to recover wages for FLSA collective members and for the risks he took in doing so;

f.   Prejudgment interest;

g.   That the applicable statute of limitations for Plaintiff's FLSA cause of action be tolled because strict application of the same would be inequitable;

h.   A declaratory judgment that Defendant's practices alleged herein violate the FLSA and relating regulations; and

i.   Such other and further relief as this Court deems fair and equitable.

## COUNT II: VIOLATION OF MISSOURI'S WAGE AND HOUR LAWS

55.   Plaintiff reasserts and realleges the allegations set forth above.

56.   At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under Missouri's wage and hour laws – Mo. Rev. Stat. § 290.500 et seq.

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

57.     Missouri's wage and hour laws regulate, among other things, the payment of overtime wages by employers, subject to limited exceptions not applicable here.

58.     At all relevant times herein, Defendant was Plaintiff's and similarly situated drivers', employer, and Plaintiff and those similarly situated were Defendant's employees, within the meaning of Missouri's wage and hour laws – Mo. Rev. Stat. §§ 290.500(3) & (4).

59.     Pursuant to Missouri's wage and hour laws (Mo. Rev. Stat. § 290.505.1), employees like Plaintiff and those similarly situated shall be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a work week.

60.     Defendant violated Missouri's wage and hour laws by willfully and intentionally refusing and failing to pay Plaintiff and those similarly situated overtime wages required under Missouri law.

61.     Pursuant to Mo. Rev. Stat. § 290.527, Plaintiff and those similarly situated are therefore entitled to damages equal to the full amount of their wage rate and an additional equal amount as liquidated damages, less any amount actually paid to Plaintiff and similarly situated drivers by Defendant.

62.     Plaintiff and similarly situated drivers are also entitled to an award of prejudgment and post judgment interests at the applicable legal rate.

63.     Plaintiff and similarly situated drivers are also entitled to their costs and reasonable attorney's fees incurred in this action.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated drivers, prays for the following relief:

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

a.  Compensatory damages equal to the full amount of Plaintiff's and those similarly situated wage rate (that is, one and one half times their regular rate of pay for all hours worked over 40 in a work week) and an additional equal amount as liquidated damages, less any amount actually paid to Plaintiff and those similarly situated by Defendant;

b.  Attorneys' fees and costs as allowed by Mo. Rev. Stat. § 290.527;

c.  Prejudgment and post judgment interest; and

d.  All other relief this Court deems fair and equitable.

## COUNT III: QUANTUM MERUIT

64.     Plaintiff reasserts and realleges the allegations set forth above.

65.     Defendant recognized the benefits conferred upon it by Plaintiff and other similarly situated drivers.

66.     Defendant accepted and retained the benefits under circumstances that would render such retention inequitable.

67.     Defendant has therefore been unjustly enriched, and Plaintiff and other similarly situated have been damaged.

68.     The payment requested by Plaintiff and other drivers for the benefits produced by them to Defendant is based on customary and reasonable rates for such services, or like services, at the time and in the locality where the services were rendered.

69.     Plaintiff and those similarly situated are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Petition plus periods of equitable tolling.

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

70.     Plaintiff and those similarly situated are also entitled to an award of prejudgment and post judgment interest at the applicable legal rate.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated drivers, prays for the following relief:

a.   Compensatory damages;

b.   Prejudgment and post judgment interest; and

c.   All other relief this Court deem fair and equitable.

## COUNT IV: UNJUST ENRICHMENT

71.     Plaintiff reasserts and realleges the allegations set forth above.

72.     Plaintiff and similarly drivers conferred benefits on Defendant in the form of unpaid labor, and Defendant received such benefits conferred upon it by Plaintiff and those similarly situated.

73.     Defendant appreciated the fact of the benefits.

74.     Defendant accepted and retained the benefits in circumstances that render such retention inequitable.

75.     Defendant has therefore been unjustly enriched, and Plaintiff and those similarly situated have been damaged.

76.     Plaintiff and similarly situated drivers are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Petition plus periods of equitable tolling.

77.     Plaintiff and similarly drivers are also entitled to an award of prejudgment and post judgment interest.

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated drivers, prays for the following relief:

    a.   Compensatory damages;

    b.   Prejudgment and post judgment interest;

    c.   All other relief this Court deems fair and equitable.

### COUNT IV: WORKERS' COMPENSATION RETALIATION

78.    Plaintiff reasserts and realleges the allegations set forth above.

79.    On or around October 12, 2019, Plaintiff was involved in an automobile accident while working as a delivery driver for Defendant.

80.    Plaintiff was injured in the accident and taken to the hospital.

81.    Plaintiff informed his manager, Mike, of his accident, injuries, and trip to the hospital, which upset Mike.

82.    Mike cared only about the physical condition of the van.

83.    Plaintiff did not immediately filed for Workers' Compensation benefits because he feared retaliation.

84.    Indeed, Plaintiff had spoken with two co-workers about workplace injuries, and the co-workers told him to not file for Workers' Compensation benefits because if Plaintiff does file, he will be terminated as a result.

85.    On or around November 19, 2019, because of his workplace injuries, Plaintiff formally filed a claim for Workers' Compensation benefits.

86.    Shortly after being notified of Plaintiff's Workers' Compensation claim, Defendant terminated him for a pretextual reason.

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

87.     Indeed, Defendant admitted to Plaintiff's co-worker that Plaintiff's termination was motivated by his Workers' Compensation claim.

88.     R.S.Mo. § 287.780, titled "Discrimination because of exercising compensation rights prohibited – civil action for damages," states as follows:

> No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter.  Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer.

89.     Plaintiff's exercise of his rights to Workers' Compensation benefits was a contributing and motivating factor in Defendant's decision to terminate his employment.

90.     Defendant's conduct – terminating Plaintiff's employment – was done with malice or in reckless disregard for Plaintiff's rights.

91.     That as a proximate result of Plaintiff being terminated from his employment, he has sustained and will continue to sustain damages consisting of losses in pay and benefits.

92.     Further, that as a proximate result of Defendant's conduct mentioned herein, Plaintiff has sustained garden variety emotional distress.

**WHEREFORE**, Plaintiff William Pinales, prays for Judgment against Defendant for actual, compensatory, and punitive damages in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00); for his Court costs and expenses incurred herein; and for whatever and further relieve the Court deems just and proper.

**Dated: September 29, 2020**

- 15 -

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS LLP**

By: */s/ S. Cody Reinberg*
 S. Cody Reinberg, Mo. Bar #66174
 9666 Olive Blvd., Suite 202A
 St. Louis, MO  63132
 314-391-9557 p/f
 creinberg@hkm.com

 Attorneys for
 Plaintiff William Qaoud-Pinales

Electronically Filed - St Louis County - December 17, 2020 - 08:54 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| WILLIAM QAOUD-PINALES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 20SL-CC04975 |
| | ) | |
| COSTA SHIPPING & DELIVERY INC. | ) | |
| | ) | |
| Serve: | ) | |
| Registered Agents Inc. | ) | |
| 117 South Lexington Street | ) | |
| Suite 100 | ) | |
| Harrisonville, MO 64701 | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **REQUEST FOR SUMMONS**

Plaintiff William Qaoud-Pinales respectfully requests that the Court issue a summons for this case, to be served with a copy of the Petition by the Cass County Sheriff's Department upon Costa Shipping & Delivery Inc.'s Registered Agent, Registered Agents Inc., at 117 South Lexington Street, Suite 100, Harrisonville, MO 64701.

Respectfully submitted,

HKM Employment Attorneys LLP

By  */s/ S. Cody Reinberg*
S. Cody Reinberg #66174
9666 Olive Blvd., Suite 202A
St. Louis, Missouri 63132
314-391-9557
creinberg@hkm.com

Attorneys for Plaintiff William Qaoud-Pinales



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>STANLEY JAMES WALLACH | Case Number:  20SL-CC04975 |
|---|---|
| Plaintiff/Petitioner:<br>WILLIAM QAOUD-PINALES | Plaintiff's/Petitioner's Attorney/Address<br>STEPHEN CODY REINBERG<br>9666 OLIVE BLVD<br>SUITE 202A<br>ST LOUIS, MO  63132 |
| **vs.** | |
| Defendant/Respondent:<br> COSTA SHIPPING & DELIVERY INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Contract-Other | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:**  COSTA SHIPPING & DELIVERY INC
   Alias:

117 S LEXINGTON ST. STE 100
REGISTERED AGENTS INC
HARRISONVILLE, MO  64701

*COURT SEAL OF*



*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

__28-DEC-2020__
   **Date**
   _____ Clerk

**Further Information:**
LG

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                     Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                               Date                              Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



RETURN OF SERVICE                                      RETURN OF SERVICE

**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>STANLEY JAMES WALLACH | Case Number:  20SL-CC04975 | **FILED** |
|---|---|---|
| Plaintiff/Petitioner:<br>WILLIAM QAOUD-PINALES | Plaintiff's/Petitioner's Attorney/Address<br>STEPHEN CODY REINBERG<br>9666 OLIVE BLVD<br>SUITE 202A<br>ST LOUIS, MO  63132 | JAN 2 5 2021<br><br>JOAN M. GILMER<br>CIRCUIT CLERK, ST. LOUIS COUNTY |
| vs. | | |
| Defendant/Respondent:<br>COSTA SHIPPING & DELIVERY INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Contract-Other | | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to:   COSTA SHIPPING & DELIVERY INC
Alias:

**117 S LEXINGTON ST. STE 100**
**REGISTERED AGENTS INC**
**HARRISONVILLE, MO  64701**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
        **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>28-DEC-2020</u>
Date                                               _____ Clerk

Further Information:
LG

---

#### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Marty Butler_ (name) _Receptionist for RA_ (title).

☐ other _____

Served at _117 S. Lexington St. #100; Harrisonville_ (address)
in _Cass_ (County/City of St. Louis), MO, on _01-20-21_ (date) at _0920_ (time).
_Deputy Kevin Buerge_                        _Kevin Buerge_
Printed Name of Sheriff or Server            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

_(Seal)_

My commission expires: _____
                        Date                                Notary Public

*Service Fee: $30.00*
*Mileage Fee: 4.64*
*Total $34.64*

CASS CO. SHERIFF

HKM Employment Attorneys   JAN 1 9 2021
#5357  $34.64              RECEIVED

# Cass County Sheriff's Office

2501 West Mechanic St., Harrisonville, MO 64701

## Case Report

**FILED**

**JAN 25 2021**

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

| Case Name | | Case Number | |
|---|---|---|---|
| **BREACH OF CONTRACT** | | **20SL-CC04975** | |

| Service Record Number | Date Received | Date Expired | Return Type | Return Date | Return Description |
|---|---|---|---|---|---|
| **210122** | **01/19/2021** | **01/28/2021** | | **01/21/2021** | |

| Service Requested By | Case Type | | Disposition |
|---|---|---|---|
| **ST. LOUIS COUNTY, MISSOURI** | **SUMMONS** | | |

Return To
**ST LOUIS COUNTY COURTS**

Circuit

| Party to be Served | Posted Property | Posted Public Place | Served Y/N | Service Fee | Mileage Fee |
|---|---|---|---|---|---|
| **COSTA SHIPPING & DELIVERY INC** | | | **YES** | **30.00** | **4.64** |

Cautions

Special Instructions

Additional Notes
HKM Employment Attorneys
#5357  $34.64

### Service Attempts

| Date | ID Number | Name | Start Time | End Time | Total | Miles | Served |
|---|---|---|---|---|---|---|---|
| | | Defendant was Served | Actual Party Served | Relationship to Defendant | Location Served | | |
| **01/20/2021** | **630** | **BUERGE, KEVIN** | **0920** | **0000** | **0.00** | **8** | **YES** |
| | NO | **MARTY BUTLER (RECEPTIONIST FOR RA)** | | | | | |
| Reason Not Served: | | | | | | | |

### RESPONDENT Entity

| Entity Type | Entity Name |
|---|---|
| | **COSTA SHIPPING & DELIVERY INC** |

### Contacts

| Contact Name |
|---|
| **REGISTERED AGENTS** |

### Addresses

| Type | Street Address | City | State | Zip Code | Country |
|---|---|---|---|---|---|
| | **117 S LEXINGTON ST #100** | **HARRISONVILLE** | **MO** | **64701** | |

### Phone Numbers

| Type | Phone | Ext/PIN |
|---|---|---|

### E-Mail

| Type | Email Address |
|---|---|

| Authorized Signature | Date |
|---|---|

Page    1  of  1          Printed   01/21/2021 1345

© 1994 - 2021 Omnigo Software St. Louis MO  omnigo.com



# Cass County Sheriff's Office

### 2501 West Mechanic St., Harrisonville, MO 64701

## Case Report

| Case Name | | Case Number<br>20SL-CC04975 | | | |
|---|---|---|---|---|---|
| **BREACH OF CONTRACT** | | | | | |

| Service Record Number<br>**210122** | Date Received<br>**01/19/2021** | Date Expired<br>**01/28/2021** | Return Type | Return Date | Return Description |
|---|---|---|---|---|---|
| Service Requested By<br>**ST. LOUIS COUNTY, MISSOURI** | | Case Type<br>**SUMMONS** | | Disposition | |
| Return To<br>**ST LOUIS COUNTY COURTS** | | Circuit | | | |

| Party to be Served<br>**COSTA SHIPPING & DELIVERY INC** | Posted Property | Posted Public Place | Served Y/N<br>**NO** | Service Fee<br>**30.00** | Mileage Fee<br>**0.00** |
|---|---|---|---|---|---|

Cautions

Special Instructions

Additional Notes
HKM Employment Attorneys
#5357  $34.64

### Service Attempts

| Date | ID Number | Name | | Start Time | End Time | Total | Miles | Served |
|---|---|---|---|---|---|---|---|---|
| Defendant was Served | Actual Party Served | | Relationship to Defendant | Location Served | | | | |

### RESPONDENT Entity

| Entity Type | Entity Name<br>**COSTA SHIPPING &<br>DELIVERY INC** |
|---|---|

### Contacts

Contact Name
**REGISTERED AGENTS**

### Addresses

| Type | Street Address | City | State | Zip Code | Country |
|---|---|---|---|---|---|
| | **117 S LEXINGTON ST #100** | **HARRISONVILLE** | **MO** | **64701** | |

### Phone Numbers

| Type | Phone | Ext/PIN |
|---|---|---|

### E-Mail

| Type | Email Address |
|---|---|

1.  1-20-21
     0920    Served Marty Butler    #630

|   /   /   |
|---|
| Authorized Signature | Date |

| Page    1 of 1 | Printed  01/19/2021 1531 |
|---|---|

© 1994 - 2021 Omnigo Software St. Louis MO  omnigo.com

*Sheriff Jeff Weber*
Cass County Sheriff's Office
2501 W. Mechanic St, Ste 100
Harrisonville, MO 64701



RECEIVED

JAN 2 5 2021

JOAN M. GILMER
CIRCUIT CLERK ST LOUIS COUNTY

FP US POSTAGE
$000.50º
First-Class
ZIP 64701
01/22/2021
034A 0081801458

St. Louis County Courts
Court Building
7900 Carondelet Ave
Clayton, MO  63105



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WILLIAM QAOUD-PINALES on behalf of himself   )
and all others similarly situated,            )
                                              )
                Plaintiff,                    )        Case No.
                                              )
vs.                                           )
                                              )
COSTA SHIPPING & DELIVERY INC.,               )
                                              )
                Defendant.                    )

## ORIGINAL FILING FORM

_____    This same cause, or a substantially equivalent complaint, was previously filed in this court as Case Number _____ and assigned to the Honorable Judge _____.

_____    This cause is related, but is not substantially equivalent to any previously filed complaint.  The related Case Number is _____ and that case was assigned to the Honorable _____.  This case may, therefore, be opened as an original proceeding.

\_\_X\_\_    Neither this same cause, nor a substantially equivalent complaint, has been previously filed in this court, and therefore may be opened as an original proceeding.

The undersigned affirms that the information provided above is true and correct.

EXHIBIT 2

WALLACE SAUNDERS

BY: */S/ TIMOTHY A. PULLIN*
    Bryan R. Kelly, MO 69499,
    *Pending Admission on February 23. 2021*
    Timothy A. Pullin,  28185KS
    10111 West 87th Street
    Overland Park, KS 66212
    (913) 888-1000 FAX - (913) 888-1065
    bkelly@wallacesaunders.com
    tpullin@wallacesaunders.com

ATTORNEYS FOR DEFENDANT COSTA
SHIPPING & DELIVERY INC.

**Certificate of Service**

I hereby certify that on February 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following participants:

HKM EMPLOYMENT ATTORNEYS LLP
S. Cody Reinberg, Mo. Bar #66174
9666 Olive Blvd., Suite 202A
St. Louis, MO 63132
314-391-9557 p/f
creinberg@hkm.com
ATTORNEY FOR PLAINTIFF

*/s/ Timothy A. Pullin*
For the Firm

102011753.v1

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

WILLIAM QAOUD-PINALES on behalf of himself and all

### DEFENDANTS

COSTA SHIPPING & DELIVERY

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

S. Cody Reinberg, MO66174, HKM Employment Attorneys, LLP, 9666 Olive Blvd., Suite 202A, St. Louis,

Attorneys *(If Known)*

Timothy A. Pullin, KS28185, Wallace Saunders, 10111 W. 87th Street, Overland Park, KS 66212, 913-888-1000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. 201
Brief description of cause:
Fair Labor Standards Act Violation

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE   ²/19/21

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**EXHIBIT 3**

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: **federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.