**20SL-CC04975**

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI**

| | | |
|---|---|---|
| WILLIAM QAOUD-PINALES<br>on behalf of himself<br>and all others similarly situated, | ) ) ) | |
| | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. |
| | ) | Division No. |
| | ) | |
| COSTA SHIPPING & DELIVERY INC. | ) ) | |
| Defendant. | ) ) | |
| | ) | |
| ***Hold Service/Summons For:*** | ) | |
| *117 S Lexington St.,*<br>*Ste 100* | ) | |
| *Harrisonville, MO 64701* | ) | |
| | ) | |
| | ) | |

**COLLECTIVE AND CLASS ACTION PETITION**

Plaintiff William Qaoud-Pinales, individually and on behalf of all others similarly

situated, as collective action and class action representative, upon personal knowledge as to

himself and upon information and belief as to other matters, alleges as follows:

**PRELIMINARY STATEMENT**

1.      This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and his

similarly situated co-workers who work or worked for Defendant Costa Shipping & Delivery

Inc. ("Defendant") as delivery drivers and who Defendant has failed to pay the overtime rate of

one and one-half times the regular rate of pay for hours worked over 40 in a workweek.  Indeed,

Defendant has a common policy and practice of refusing to pay Plaintiff and similarly situated

drivers the overtime rate for hours worked over 40 in a workweek.  Instead, it is the practice and

**EXHIBIT 1**

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

policy of Defendant to pay a flat day rate regardless of the overtime hours worked in a work week.

2.      Plaintiff therefore brings this action under the FLSA 29 U.S.C. § 201 *et seq*., Missouri wage and hour law, and Missouri common law for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonably attorneys' fees, as a result of Defendant's failure to pay Plaintiff and similarly situated drivers lawful overtime compensation and wages dues and owed.

3.      The second component of this lawsuit relates solely to the unlawful, retaliatory termination of Plaintiff.  Indeed, Plaintiff was terminated in retaliation for Plaintiff exercising his rights to Workers' Compensation benefits.

## JURISDICTION AND VENUE

4.      Plaintiff was at all times mentioned herein a citizen of the State of Missouri, working for Defendant in St. Louis County, Missouri.

5.      At the time of the conduct complained of herein and at all times mentioned, Defendant was and is a Missouri corporation with its principal place of business in St. Louis County, Missouri and did conduct business in St. Louis County, Missouri.

6.      As Defendant transacts business in, and all conduct described herein – specifically the payment of wages, and failure to pay overtime time to its employees – occurred in St. Louis County, Missouri, pursuant to Mo. Rev. Stat. 508.010, venue and jurisdiction are proper in this Court of general jurisdiction.

## THE PARTIES AND CLAIMS

7.      At all relevant times, Plaintiff worked as a delivery driver for Defendant and was paid on a day rate basis.

Electronically Filed - St. Louis County - September 29, 2020 - 07:43 PM

8.      Defendant provides, *inter alia*, package delivery services for companies such as FedEx in the St. Louis metropolitan area.

9.      Plaintiff worked for Defendant as a driver from on or around July 27, 2019 to on or around February 20, 2020.  Plaintiff's consent to join this action is attached hereto as **Exhibit 1**.

10.      Plaintiff and similarly situated drivers are not paid the overtime rate for hours worked over 40 in a workweek; they are paid a flat day rate regardless of overtime hours worked.

11.      At all times herein, Plaintiff and those similarly situated drivers have been entitled to the rights, protections, and benefits provided under the FLSA and Missouri wage and hour law.

12.      Plaintiff brings Count I of this action as a collective action under the FLSA on behalf of himself and all other similarly situated drivers employed by Defendant within the last three years.

13.      Plaintiff brings Count II of this lawsuit as a Class Action under the Missouri Minimum Wage Laws, Mo. Rev. Stat. § 290.500 *et seq*. and Missouri Rule of Civil Procedure 52.08 on behalf of himself and all other similarly situated drivers employed by Defendant within the last two years.

14.      Plaintiff brings Counts III and IV of this lawsuit as a class action under Missouri common law and Missouri Rule of Civil Procedure 52.08 on behalf of himself and all other similarly situated drivers employed by Defendant within the last five years.

15.      Plaintiff brings Count V of this lawsuit individually seeking redress for his termination, which was in retaliation for exercising his Workers' Compensation rights.

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

16.     Defendant is Missouri corporation with its headquarters located within St. Louis County, Missouri and is an "employer" within the meaning set forth in the FLSA and was at all times relevant to the allegations herein Plaintiff's and similarly situated drivers', employer.

17.     Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

18.     Defendant had gross annual revenues exceeding $500,000 for all relevant periods.

## GENERAL ALLEGATIONS

19.     Plaintiff and similarly situated drivers routinely worked, and work, over 40 hours per work week.

20.     Defendant has actual knowledge that Plaintiff and those similarly situated worked and work over 40 hours per work week based on the routes driven by the drivers in a work week.

21.     Notwithstanding that it was known by Defendant that these drivers worked over 40 hours in a work week, Defendant does not pay the statutory overtime rate to such drivers.

22.     Consequently, Plaintiff and those similarly situated drivers consistently worked, and work, without proper compensation and overtime.

23.     Plaintiff and all similarly situated drivers are owed overtime for every hour worked over 40 in a work week.

24.     Defendant's deliberate, willful failure to pay Plaintiff and those similarly situated their earned overtime for hours in excess of 40 in a workweek violates the FLSA and Missouri law.

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

25.     The policies and practices maintained and administered by Defendant, instituted and approved by Defendant's owner and managers, resulted, and result, in Defendant willfully failing to pay overtime compensation.

26.     Defendant thus enjoyed, and continues to enjoy, ill gained profits at the expense of Plaintiff and similarly situated drivers.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

27.     Plaintiff reasserts and realleges all allegations set forth above.

28.     Plaintiff brings Count I as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of himself and all those similarly situated drivers who file a consent to join form with the Court.

29.     Plaintiff brings Counts II, III, and IV of this lawsuit as an "opt-out" class action under Missouri wage and hour law and common law and Missouri Rule of Civil Procedure 52.08 on behalf of himself and all other similarly situated drivers.

30.     Plaintiff individually and on behalf of similarly situated drivers seeks relief on a collective basis challenging Defendant's failure to pay required overtime for hours worked.  The number and identity of other Plaintiffs yet to opt-in and consent to be a party plaintiff to this lawsuit may be determined from Defendant's records.

31.     Notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

32.     The email address of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email addresses as soon as possible.

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

33.     The cellular telephone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via text message as soon as possible.

34.     Plaintiff brings Count I of this Petition as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of himself and as the representative of the following:

    a.   All current and former drivers not paid the overtime rate for hours worked over 40 in a workweek, employed by Defendant within three years preceding the date of filing this action.

35.     Plaintiff brings Count II of this Petition as a class action pursuant to Missouri Rule of Civil Procedure 52.08, on behalf of himself and as the class representative of the following persons:

    a.   All current and former drivers not paid the overtime rate for hours worked over 40 in a workweek, employed by Defendant within two years preceding the date of filing this action.

36.     Plaintiff brings Counts III and IV of this Petition as a class action pursuant to Missouri Rule of Civil Procedure 52.08, on behalf of himself and as the class representative of the following persons:

    a.   All current and former drivers not paid the overtime rate for hours worked over 40 in a workweek, employed by Defendant within five years preceding the date of filing this action.

37.     The state law claims, if certified for class wide treatment, are brought on behalf of all similarly situated drivers who do not opt out of the class action ("the Class").

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

38.     Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Missouri Rule of Civil Procedure 52.08.

39.     The Class satisfies the numerosity standard; it consists of multiple persons who may be geographically disbursed.  As a result, joinder of all Class members in a single action is impractical.  Class members may be informed of the pendency of this class action through direct mail, electronic mail, and telephone.

40.     Questions of fact and law common to the Class predominate over any questions affecting only individual members.  Questions of law and fact arising from Defendant's actions including, without limitation, the following:

  a.  Whether Defendant failed to pay Class members wages and overtime required under Mo. Rev. Stat. § 290.500 *et seq*.;

  b.  Whether Defendant is liable to class members pursuant to Quantum Meruit; and

  c.  Whether Defendant has been unjustly enriched by its failure to pay Class members for time worked.

41.     The questions set forth above predominate any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

42.     Plaintiff's claims are typical of those of the Class in that the Class Members have been, or are, employed in the same or sufficiently similar positions as Plaintiff and were subject to the same unlawful practices.

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

43.     A class action is the appropriate method for the fair and efficient adjudication of the controversy.  Defendant has acted or refused to act on grounds generally applicable to the Class.  The presentation of separate actions by individual Class members creates a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for Defendant, and/or substantially impairing or impeding the ability of the Class members to protect their interest.

44.     Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of other members of the Class he seeks to represent.  The interests of the members of the Class will be fairly and adequately protected by Plaintiff and his undersigned counsel, who is experienced in wage and hour, employment, and class/collective action litigation.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

45.     Plaintiff reasserts and realleges the allegations set forth above.

46.     At all times material herein, Plaintiff and other similarly situated drivers have been entitled to the rights, protections, and benefits provided under the FLSA.  Plaintiff and those similarly situated are and were at all relevant times "employees" within the meaning of the FLSA.  29 U.S.C. §§ 203(e) and 207(a).

47.     The FLSA regulates, among other things, the payment of overtime to Plaintiff and similarly situated drivers who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

48.     Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its drivers not paid the overtime rate for hours worked over 40 in a workweek, are engaged in commerce.  29 U.S.C. §§ 206(a) and 207(a).

49.     During all times relevant to this action, Defendant was the "employer" of Plaintiff and those similarly situated drivers within the meaning of the FLSA.  29 U.S.C. §§ 206(a) and 207(a).

50.     Defendant failed to pay Plaintiff and other similarly situated drivers the overtime wages to which they were, and are, entitled under the FLSA.

51.     Defendant's violations of the FLSA, as described herein, have been willful and intentional.

52.     Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and those similarly situated.

53.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

54.     As a result of Defendant's willful violations of the FLSA, Plaintiff and other similarly situated drivers have suffered damages by being denied overtime wages in amounts to be determined at trial or through undisputed record evidence, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated drivers, prays for the following relief:

a.   That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all current and former

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

drivers employed by Defendant within three years preceding the date of filing this action.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

b.  The payment at one and one-half times their regular rates of pay for all hours worked over 40 in any workweek by Plaintiff and similarly situated drivers, for which they have not been properly compensated;

c.  Liquidated damages pursuant to 29 U.S.C. § 216(b);

d.  Reasonable attorneys' fees and costs;

e.  A reasonable service award to the Plaintiff to compensate him for the time he spent attempting to recover wages for FLSA collective members and for the risks he took in doing so;

f.  Prejudgment interest;

g.  That the applicable statute of limitations for Plaintiff's FLSA cause of action be tolled because strict application of the same would be inequitable;

h.  A declaratory judgment that Defendant's practices alleged herein violate the FLSA and relating regulations; and

i.  Such other and further relief as this Court deems fair and equitable.

## COUNT II: VIOLATION OF MISSOURI'S WAGE AND HOUR LAWS

55.  Plaintiff reasserts and realleges the allegations set forth above.

56.  At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under Missouri's wage and hour laws – Mo. Rev. Stat. § 290.500 et seq.

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

57.     Missouri's wage and hour laws regulate, among other things, the payment of overtime wages by employers, subject to limited exceptions not applicable here.

58.     At all relevant times herein, Defendant was Plaintiff's and similarly situated drivers', employer, and Plaintiff and those similarly situated were Defendant's employees, within the meaning of Missouri's wage and hour laws – Mo. Rev. Stat. §§ 290.500(3) & (4).

59.     Pursuant to Missouri's wage and hour laws (Mo. Rev. Stat. § 290.505.1), employees like Plaintiff and those similarly situated shall be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a work week.

60.     Defendant violated Missouri's wage and hour laws by willfully and intentionally refusing and failing to pay Plaintiff and those similarly situated overtime wages required under Missouri law.

61.     Pursuant to Mo. Rev. Stat. § 290.527, Plaintiff and those similarly situated are therefore entitled to damages equal to the full amount of their wage rate and an additional equal amount as liquidated damages, less any amount actually paid to Plaintiff and similarly situated drivers by Defendant.

62.     Plaintiff and similarly situated drivers are also entitled to an award of prejudgment and post judgment interests at the applicable legal rate.

63.     Plaintiff and similarly situated drivers are also entitled to their costs and reasonable attorney's fees incurred in this action.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated drivers, prays for the following relief:

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

    a.   Compensatory damages equal to the full amount of Plaintiff's and those similarly situated wage rate (that is, one and one half times their regular rate of pay for all hours worked over 40 in a work week) and an additional equal amount as liquidated damages, less any amount actually paid to Plaintiff and those similarly situated by Defendant;

    b.   Attorneys' fees and costs as allowed by Mo. Rev. Stat. § 290.527;

    c.   Prejudgment and post judgment interest; and

    d.   All other relief this Court deems fair and equitable.

### COUNT III: QUANTUM MERUIT

64.    Plaintiff reasserts and realleges the allegations set forth above.

65.    Defendant recognized the benefits conferred upon it by Plaintiff and other similarly situated drivers.

66.    Defendant accepted and retained the benefits under circumstances that would render such retention inequitable.

67.    Defendant has therefore been unjustly enriched, and Plaintiff and other similarly situated have been damaged.

68.    The payment requested by Plaintiff and other drivers for the benefits produced by them to Defendant is based on customary and reasonable rates for such services, or like services, at the time and in the locality where the services were rendered.

69.    Plaintiff and those similarly situated are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Petition plus periods of equitable tolling.

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

70.     Plaintiff and those similarly situated are also entitled to an award of prejudgment and post judgment interest at the applicable legal rate.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated drivers, prays for the following relief:

a.   Compensatory damages;

b.   Prejudgment and post judgment interest; and

c.   All other relief this Court deem fair and equitable.

## COUNT IV: UNJUST ENRICHMENT

71.     Plaintiff reasserts and realleges the allegations set forth above.

72.     Plaintiff and similarly drivers conferred benefits on Defendant in the form of unpaid labor, and Defendant received such benefits conferred upon it by Plaintiff and those similarly situated.

73.     Defendant appreciated the fact of the benefits.

74.     Defendant accepted and retained the benefits in circumstances that render such retention inequitable.

75.     Defendant has therefore been unjustly enriched, and Plaintiff and those similarly situated have been damaged.

76.     Plaintiff and similarly situated drivers are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Petition plus periods of equitable tolling.

77.     Plaintiff and similarly drivers are also entitled to an award of prejudgment and post judgment interest.

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated drivers, prays for the following relief:

    a.   Compensatory damages;

    b.   Prejudgment and post judgment interest;

    c.   All other relief this Court deems fair and equitable.

### COUNT IV: WORKERS' COMPENSATION RETALIATION

78.    Plaintiff reasserts and realleges the allegations set forth above.

79.    On or around October 12, 2019, Plaintiff was involved in an automobile accident while working as a delivery driver for Defendant.

80.    Plaintiff was injured in the accident and taken to the hospital.

81.    Plaintiff informed his manager, Mike, of his accident, injuries, and trip to the hospital, which upset Mike.

82.    Mike cared only about the physical condition of the van.

83.    Plaintiff did not immediately filed for Workers' Compensation benefits because he feared retaliation.

84.    Indeed, Plaintiff had spoken with two co-workers about workplace injuries, and the co-workers told him to not file for Workers' Compensation benefits because if Plaintiff does file, he will be terminated as a result.

85.    On or around November 19, 2019, because of his workplace injuries, Plaintiff formally filed a claim for Workers' Compensation benefits.

86.    Shortly after being notified of Plaintiff's Workers' Compensation claim, Defendant terminated him for a pretextual reason.

Electronically Filed - St Louis County - September 29, 2020 - 07:43 PM

87. Indeed, Defendant admitted to Plaintiff's co-worker that Plaintiff's termination was motivated by his Workers' Compensation claim.

88. R.S.Mo. § 287.780, titled "Discrimination because of exercising compensation rights prohibited – civil action for damages," states as follows:

> No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter.  Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer.

89. Plaintiff's exercise of his rights to Workers' Compensation benefits was a contributing and motivating factor in Defendant's decision to terminate his employment.

90. Defendant's conduct – terminating Plaintiff's employment – was done with malice or in reckless disregard for Plaintiff's rights.

91. That as a proximate result of Plaintiff being terminated from his employment, he has sustained and will continue to sustain damages consisting of losses in pay and benefits.

92. Further, that as a proximate result of Defendant's conduct mentioned herein, Plaintiff has sustained garden variety emotional distress.

**WHEREFORE**, Plaintiff William Pinales, prays for Judgment against Defendant for actual, compensatory, and punitive damages in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00); for his Court costs and expenses incurred herein; and for whatever and further relieve the Court deems just and proper.

**Dated: September 29, 2020**

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS LLP**

By: _/s/ S. Cody Reinberg_
    S. Cody Reinberg, Mo. Bar #66174
    9666 Olive Blvd., Suite 202A
    St. Louis, MO  63132
    314-391-9557 p/f
    creinberg@hkm.com

    Attorneys for
    Plaintiff William Qaoud-Pinales