# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM QAUOD-PINALES, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) No. 4:21-CV-216 RLW |
| v. | ) ) ) |
| COSTA SHIPPING & DELIVERY, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER OF PARTIAL REMAND

This matter is before the Court on the parties' Joint Motion for Partial Remand. (ECF No. 18). For the reasons that follow, the motion is granted.

Plaintiff William Qaoud-Pinales filed his Collective and Class Action Petition against Defendant Costa Shipping & Delivery, Inc., in Missouri state court alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., (Count I); Missouri's Wage and Hour laws, Mo. Rev. Stat. §§ 290.500, et seq. (Count II); for Quantum Meruit under Missouri common law (Count III); for Unjust Enrichment under Missouri common law (Count IV); and under Missouri's Workers' Compensation Act, Mo. Rev. Stat. § 287.780, for Workers' Compensation Retaliation (Count V).[1]

Defendant removed the action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1453. In its Notice of Removal, Defendant maintains the Court has original federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over Count I, and supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Counts II, III, and IV.

---

[1] In Plaintiff's Petition, Count V, the workers' compensation retaliation claim, was incorrectly labeled as Count IV. (ECF No. 6 at 14).

Defendant states in its Notice of Removal that Plaintiff's state-law workers' compensation retaliation claim is a nonremovable claim under 28 U.S.C. § 1445(c).

The parties now request that the Court retain jurisdiction over Counts I-IV and sever Plaintiff's workers' compensation retaliation claim and remand it to state court pursuant to 28 U.S.C. § 1441(c).

Federal law permits a defendant to remove a case filed in state court to federal court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal district courts have original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's wage and hour claim brought under the FLSA is clearly a federal claim. Related claims not within the federal court's original jurisdiction may still be heard in federal court, so long as the district court has supplemental jurisdiction over the claims. See 28 U.S.C. § 1367(a).[2] But some state law claims are non-removable under 28 U.S.C. § 1445.

Under § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Plaintiff's workers' compensation retaliation claim arises under the workmen's compensation laws of Missouri within the meaning of § 1445(c) and, therefore, is nonremovable. Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1246 (8th Cir. 1995) ("[A] civil action brought to enforce [a right of action within a state's workers' compensation laws] is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies.")

---

[2]Defendant does not claim diversity jurisdiction exists in this case, as both the named plaintiff and defendant are alleged to be citizens of Missouri. See 28 U.S.C. § 1332.

2

The presence of a non-removable claim, however, does not necessarily defeat removal.  In cases such as here, where there are claims over which the district court has jurisdiction pursuant to §§ 1331 and 1367, in addition to a claim "made nonremovable by statute," the case may still be removed from state court "if the action would be removable without the inclusion of" the nonremovable claim. § 1441(c).  Section 1441(c)(2) instructs that in such a case, the district court should sever from the action all non-removable claims and "remand the severed claims to the State court from which the action was removed."  § 1441(c)(2).  Therefore, the Court will sever and remand Plaintiff's nonremovable workers' compensation retaliation claim, Count V, pursuant to §§ 1441(c) and 1445(c).

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion for Partial Remand is **GRANTED**.  (ECF No. 18)

**IT IS FURTHER ORDERED** that Plaintiff's claim for Workers' Compensation Retaliation under Missouri's Workers' Compensation Act, Mo. Rev. Stat. § 287.780, is severed from this case and **REMANDED** to the Twenty-First Judicial Circuit Court for St. Louis County, Missouri, from which it was removed. The Court retains jurisdiction over the remaining claims in this action.

                                            */s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   18th   day of January, 2022.